JL

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nina Mae Becker, | No.   CV-23-01216-PHX-JAT (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Penzone, et al., | |
| Defendants. | |

On July 3, 2023, Plaintiff Nina Mae Becker, who was then confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  In a July 18, 2023 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On July 31, 2023, Plaintiff filed a Notice of Change of Address indicating she is no longer in custody and a non-prisoner Application to Proceed In District Court Without Prepaying Fees or Costs.  On August 9, 2023, Plaintiff filed a First Amended Complaint. In an October 23, 2023 Order, the Court granted the non-prisoner Application to Proceed and dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

. . . .

On November 8, 2023, Plaintiff filed a Second Amended Complaint (Doc. 14). The Court will dismiss the Second Amended Complaint and this action.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent

standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

## II. Second Amended Complaint

In her single-count Second Amended Complaint, Plaintiff seeks monetary relief from Maricopa County Sheriff Paul Penzone.[1] Plaintiff alleges that on May 2, 2023, she was taken into custody. At the courthouse, she complained of illness and requested medical attention, but her request was denied. Plaintiff was taken to a basement holding cell and was denied a phone call. Later the same day, she was transferred to holding facility, where she again requested medical treatment. Plaintiff was kept in the holding facility until 8:00 p.m., when she appeared before a judge. Plaintiff told the judge that she was very ill. The judge denied Plaintiff's requests for bond and medical treatment. At midnight, she was moved to the Estrella Jail.

Between May 3 and June 10, 2023, Plaintiff submitted requests for medical treatment at the Estrella Jail, which were denied. At some point, Plaintiff saw a doctor and saw a nurse who cut her hair because it was sticking to her scalp. Plaintiff was prescribed antibiotics. Between May 3 and July 6, 2023, Plaintiff requested psychiatric medications but never saw a psychiatrist or received medication for her post-traumatic stress disorder.

While she was in custody in the Estrella Jail, Plaintiff's condition worsened due to the presence of black mold in the jail. Medical staff observed Plaintiff's condition but refused to treat her. As her injury, Plaintiff claims she suffered a staph infection and a damaged immune system, and she continues to experience blurry vision, digestive issues, and infections.

. . . .

---

[1] On page 2 of the court-approved form, Plaintiff lists Captain Dustin Nolte as a Defendant, but she did not list Nolte on page 1 of the court-approved form, and she has not made any allegations against him.

- 3 -

### III. Failure to State a Claim

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged that Defendant Penzone personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Indeed, Plaintiff makes no allegations at all against Penzone. Thus, the Court will dismiss without prejudice Defendant Penzone.

### IV. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in the Second Amended Complaint, the Court will dismiss the Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend her complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further

opportunities to amend would be futile.  Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)     The Second Amended Complaint (Doc. 14) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2)     The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3)     The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 20th day of December, 2023.

James A. Teilborg
Senior United States District Judge